No. 2026-1033

# IN THE UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

PARKERVISION, INC.,
    Plaintiff-Appellant,

v.

QUALCOMM INCORPORATED, QUALCOMM ATHEROS, INC.,
    Defendants-Appellees.

Appeal from the United States District Court for the
Middle District of Florida, Hon. Paul G. Byron,
No. 6:14-cv-687-PGB-LHP

**APPELLANT PARKERVISION, INC.'S UNOPPOSED MOTION TO EXPEDITE**

Under Federal Rule of Appellate Procedure 27 and Federal Circuit Rule 27(c), appellant ParkerVision respectfully moves for entry of an expedited briefing schedule and oral-argument setting. Counsel for appellees Qualcomm Incorporated and Qualcomm Atheros, Inc. (together, Qualcomm) indicated that Qualcomm does not oppose this motion.

Federal Circuit Rule 27(c) lets a party move for accelerated consideration of its appeal by filing a motion to expedite. A motion to expedite "should be filed immediately after docketing" and "is appropriate where the normal briefing and disposition schedule may adversely affect one of the parties." *See id.*,

Prac. N. ParkerVision promptly makes this motion two business days after the appeal was docketed.

An expedited briefing schedule and oral argument setting is appropriate here given the adverse consequences that a normal schedule would impose on ParkerVision. As the declaration of counsel demonstrates, delays have plagued this case since ParkerVision filed it more than 11 years ago. *See* Fowler Dec. ¶¶ 2–14. At the rate this case is progressing, ParkerVision may not reach trial until 2028 or later—more than 14 years after filing and roughly three decades after many relevant events. *See id.* ¶¶ 2, 5.

This delay matters because every passing day increasingly prejudices ParkerVision. For example, ParkerVision alleges that Qualcomm willfully infringed its patents. But the events underlying ParkerVision's willfulness allegations occurred in the mid-1990s and early 2000s. *See id.* ¶ 2. And with so much unforeseeable delay, witnesses to key interactions between the parties are retiring, losing their memories, and even passing away. *See id.* ¶ 3. Proving willfulness is fact-intensive, and ParkerVision may soon lose the evidence needed to carry its burden. Other essential witnesses, like ParkerVision's original and substitute experts, are experiencing health problems, which over time threaten to deprive ParkerVision of even more key evidence. *See id.*

Other litigation must also await this appeal's conclusion. ParkerVision appeals a noninfringement judgment under Rule 54(b) for just some of the patent claims it asserts in the district court. *See id.* ¶ 15. The rest are severed and stayed pending this appeal. So any delay delays not just finality for the claims

before this Court, but for other claims not before this Court too.

Meanwhile, ParkerVision occupies an increasingly precarious financial position, with its stock trading in the over-the-counter market at about 35 cents per share as of October 13, 2025, a fraction of its per-share value of almost $50 when it filed this suit and even farther off its historical peak of more than $550 in the early 2000s. *See* https://finance.yahoo.com/quote/PRKR (last accessed October 13, 2025). The patents asserted here are a major asset of ParkerVision and significant driver of its valuation. In contrast, Qualcomm is a multibillion-dollar company with a market capitalization exceeding $168 billion. *See* https://finance.yahoo.com/quote/QCOM/ (last accessed October 10, 2025). While Qualcomm has the financial resources to survive another two-plus years of litigation, delays make ParkerVision's survival ever more challenging.

Expedited consideration is also appropriate because this Court has already twice considered aspects of this case. First, in 2018, this Court affirmed the PTAB's decision that claims of two of the asserted patents are not unpatentable. *See ParkerVision, Inc. v. Qualcomm Inc.*, 903 F.3d 1354 (Fed. Cir. 2018). Second, in 2024, this Court vacated the district court's summary judgment that issue preclusion bars ParkerVision's claims and reversed the district court's exclusion of ParkerVision's expert testimony. *See ParkerVision, Inc. v. Qualcomm Inc.*, 116 F.4th 1345 (Fed. Cir. 2024); *see also id*. at 1345 (remarking on this "litigation saga between ParkerVision and Qualcomm [that] dates back to 2011").

3

This appeal presents a narrow legal issue that the Court can readily address on an expedited basis: whether the asserted claims should be construed to read in a "generating limitation." This issue closely tracks the issue before this Court in the prior issue-preclusion appeal. *See id.* at 1356–57. There, this Court reversed summary judgment for Qualcomm on issue preclusion, holding that the "receiver claims" asserted here "do not appear, on their face, to require the 'generating limitation' that turned out to be fatal to ParkerVision's" prior suit. *Id.* at 1352. About eight months after the remand, however, the district court issued a supplemental claim construction reading a "generating limitation" into the receiver claims asserted here. Dist. Ct. ECF No. 804. Given that supplemental claim construction, the parties' stipulated to partial summary judgment of noninfringement of the receiver claims. *See* Fowler Dec. ¶ 14. The district court then rendered final judgment under Rule 54(b) so that this Court can conclusively resolve whether the receiver claims include the "generating limitation." *Id.* ¶ 15.

/ / /

/ / /

This appeal's stretching into 2027 or beyond would adversely affect ParkerVision. Accordingly, ParkerVision proposes this schedule:

| Default Timeline | | Requested Timeline | |
|---|---|---|---|
| Opening Brief: | **12/8/2025** | Opening Brief: | **12/1/2025** |
| Answering Brief: | **1/19/2026** | Answering Brief: | **1/16/2026** |
| Reply Brief: | **2/9/2026** | Reply Brief: | **2/6/2026** |
| Oral Argument: | **TBD** | Oral Argument: | **March 2026 (or earliest available)** |

ParkerVision respectfully requests that the Court grant this motion.

October 13, 2025

Respectfully submitted,

Kevin Burgess
MCKOOL SMITH, P.C.
104 East Houston Street,
Suite 300
Marshall, TX 75670
(903) 923-9000
kburgess@mckoolsmith.com

*/s/ Charles E. Fowler, Jr.*
Charles E. Fowler, Jr.
Josh Budwin
MCKOOL SMITH, P.C.
303 Colorado Street, Suite 2100
Austin, Texas 78701
(512) 692-8700
cfowler@mckoolsmith.com

Attorneys for ParkerVision, Inc.

## CERTIFICATE OF INTEREST

I certify that the following information is accurate and complete to the best of my knowledge:

**1.     The full name of every party or *amicus* represented by me is:**

ParkerVision, Inc.

**2.     The names of the real parties in interest represented by me are:**

Not applicable.

**3.     All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or *amici curiae* represented by me are:**

None.

**4.     The names of all law firms and the partners or associates that appeared for the party or *amici curiae* now represented by me in the trial court or agency or are expected to appear in this court (and who have not or will not enter an appearance in this case) are:**

| | |
|---|---|
| **McKool Smith, P.C. cont.** | Richard Kamprath, George T. Fishback, Kevin P. Hess, Matthew Cameron, Raymond Mitchell Verboncoeur, Kevin Burgess John Campbell, Colin Hickl |
| **Formerly with McKool Smith, P.C.** | Douglas Cawley, Christina A. Ondrick, R. Darryl Burke, Peter M. Hillegas, Jennifer A. Albert, Mario A. Apreotsi, Christine Woodin, Kathy H. Li, Puneet Kohli, Michael Flanigan, Kyle Ryman |
| **Allen, Dyer, Doppelt + Gilchrest, P.A.** | Ava K. Doppelt, Brian R. Gilchrist, Ryan T. Santurri, |
| **Kasowitz Benson Torres, LLP** | Maria H. Ruiz, Jacob Abrams, Albert S. Mishaan |
| **Gunster Yoakley & Stewart, P.A.** | George S. LeMieux, Frank A. Florio |

| | |
|---|---|
| **Freeh Sporkin & Sullivan, LLP (withdrew)** | Louis J. Freeh |
| **Wittliff Cutter, PLLC (withdrew)** | Leah B. Buratti |
| **Smith Hulsey & Busey (withdrew)** | Stephen D. Busey, John R. Thomas, James A. Bolling (no longer with the firm) |

**5.** The title and number of any case known to me to be pending in this or any other court or agency that could directly affect or be directly affected by this court's decision in the pending appeal are:

None.

**6. Organizational Victims and Bankruptcy Cases.** The information required under Fed. R. App. P. 26.l(b) (organizational victims in criminal cases) and 26.l(c) (bankruptcy case debtors and trustees) is:

Not applicable.

*/s/ Charles E. Fowler, Jr.*
Charles E. Fowler, Jr.

No. 2026-1033

# IN THE UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

PARKERVISION, INC.,
Plaintiff-Appellant,

v.

QUALCOMM INCORPORATED, QUALCOMM ATHEROS, INC.,
Defendants-Appellees.

Appeal from the United States District Court for the
Middle District of Florida, No. 6:14-cv-687-PGB-LHP

**DECLARATION OF CHARLES E. FOWLER, JR.
SUPPORTING APPELLANT PARKERVISION,
INC.'S MOTION TO EXPEDITE**

I, Charles E. Fowler, Jr., declare as follows:

1. I am a principal at McKool Smith, P.C. and counsel for appellant ParkerVision in this appeal. I submit this declaration in support of ParkerVision's motion to expedite.

2. The events underlying ParkerVision's infringement claims date back to the mid-1990s and early 2000s. The asserted patents have 1990s conception and priority dates. Many of the discussions between ParkerVision and Qualcomm that led to the willful infringement allegations occurred nearly three decades ago, in the mid-1990s and early 2000s. *See, e.g.*, *ParkerVision,*

1

*Inc. v. Qualcomm Inc.*, 621 F. App'x 1009, 1012 (Fed. Cir. 2015) ("ParkerVision developed energy sampling in 1996 and 1997, and it applied for its first patent relating to that technology in October 1998. Before any patent issued, ParkerVision approached Qualcomm to license its invention. No agreement was reached, however."); Dist. Ct. ECF No. 805 at 3 (Qualcomm's motion to amend its witness list to include two witnesses who would testify to "the parties' interactions and communications during the 1998–99 period when Qualcomm was assessing the risks and possible benefits of licensing ParkerVision's then-existing technology").

3. Many witnesses to the parties' interactions and ParkerVision's willfulness allegation have long since retired, and memories from three decades ago are fading day by day. Several key witnesses, including ParkerVision's original and substitute experts, have also developed unforeseen health issues due to the extraordinary duration of this litigation. *See, e.g.*, *ParkerVision, Inc. v. Qualcomm Inc.*, 116 F.4th 1345, 1358 n.5 (Fed. Cir. 2024) ("After the court denied the First Motion, Dr. Allen withdrew from the case, due to health reasons, and was replaced by Dr. Steer, who adopted Dr. Allen's expert reports in their entirety."); Dist. Ct. ECF No. 817 (denying ParkerVision's motion to substitute its expert, who recently received a significant medical diagnosis likely to affect his ability to testify at a future trial). Other witnesses, like Qualcomm's former Chief Scientist from when Qualcomm investigated ParkerVision, have died. *See* Brad Graves, *Qualcomm's Franklin Antonio Passes Away*,

SAN DIEGO BUS. J. (May 16, 2022), https://www.sdbj.com/technology/qualcomms-franklin-antonio-passes-away/.

4. In 2006, ParkerVision sued Qualcomm (*ParkerVision I*) for infringing several patents claiming receivers that down-convert RF signals by energy sampling, including U.S. Patent Nos. 6,061,551; 6,370,371; and 6,266,518. *See ParkerVision v. Qualcomm*, 27 F. Supp. 3d 1266, 1271–75 (M.D. Fla. 2014). In 2013, a jury found for ParkerVision, but the district court granted JMOL for Qualcomm. *Id.* at 1271. In 2015, this Court affirmed that decision. *ParkerVision, Inc. v. Qualcomm Inc.*, 621 F. App'x 1009, 1013–17 (Fed. Cir. 2015).

5. In 2014, ParkerVision filed a second lawsuit against Qualcomm (*ParkerVision II*) asserting additional patents, including U.S. Patent Nos. 7,218,907 (the "'907 Patent") and 6,091,940 (the "'940 Patent"). *See* Dist. Ct. ECF No. 26.

6. In February 2016, *ParkerVision II* was stayed for *inter partes* review proceedings about nine months before the scheduled trial date. *See* Dist. Ct. ECF Nos. 249, 250.

7. The asserted patents survived the IPRs, and this Court affirmed the IPR decisions. *See ParkerVision, Inc. v. Qualcomm Inc.*, 903 F.3d 1354, 1363 (Fed. Cir. 2018). The '907 and '940 patents expired during the pendency of the IPRs and appeal.

8. Following the IPRs, the district-court case resumed in 2018. Qualcomm moved for partial summary judgment of noninfringement based on collateral estoppel from *ParkerVision I*. *See* Dist. Ct. ECF No. 318. The district

3

court denied the motion for summary of noninfringement based on collateral estoppel from *ParkerVision I*. *See* Dist. Ct. ECF No. 348.

9. The district court then issued a 58-page claim-construction order after extensive briefing and two *Markman* hearings. Dist. Ct. ECF No. 381. The court construed numerous disputed terms, but neither party asked the Court to construe the two claim terms at issue here. *Id.*

10. Qualcomm again moved for summary judgment of noninfringement based on collateral estoppel from *ParkerVision I*, and the district court granted Qualcomm's motion. *See ParkerVision, Inc. v. Qualcomm Inc.*, 116 F.4th 1345, 1353–54 (Fed. Cir. 2024). The court found that the *ParkerVision II* patents contained the same limitations as those in *ParkerVision I* and so entered judgment of noninfringement. *Id.* at 1354.

11. This Court reversed the district court's grant of summary judgment and remanded to the district court for further proceedings. *Id.* at 1364.

12. Following the appeal, the district court held a status conference. *See* Dist. Ct. ECF Nos. 722, 734. ParkerVision again requested that the case be set for trial as soon as possible. Dist. Ct. ECF No. 734 at 7–8. Qualcomm requested that the Court hold an additional *Markman* hearing. *Id.* at 11. The Court declined to hold a third *Markman* hearing. *Id.* at 11, 13 ("Right. But here's the dilemma with what the federal circuit said. The federal circuit seems to, respectfully, be speaking out of both sides of their mouth…. In fact, as happens with the federal circuit, they're kind of all over the map sometimes in their opinions…. They identified that no one asked for this to be construed,

4

and the deadlines for those things have passed. I think the reality is that the case management scheduling order controls."). On reconsideration, however, the court reversed itself and held additional claim-construction proceedings. Dist. Ct. ECF No. 794.

13.    The district court then issued an order construing two terms in the Receiver Claims: "whereby the energy provided to the load forms a down-converted signal" and "a storage device storing energy from said UFT module." Dist. Ct. ECF No. 804 at 8–22. The Court adopted Qualcomm's constructions requiring that the energy provided to the load "generates" a down-converted signal and that the storage device "use[s] that energy to generate a down-converted signal." *Id.* These constructions read a "generating limitation" into the Receiver Claims, precluding infringement under the reasoning of *ParkerVision I*.

14.    Following the district court's claim-construction order, the parties jointly moved for entry of partial summary judgment of noninfringement of claims 1 and 10 of the '907 Patent and claims 24 and 331 of the '940 Patent. Dist. Ct. ECF No. 809.

15.    The district court then entered final judgment under Rule 54(b) with for those claims, and severed and stayed the other claims in the case (the Transmitter Claims) pending this appeal. Dist. Ct. ECF No. 820 at 5–6.

16. This motion is not for the purpose of prejudicing Qualcomm, but so that justice may be done.

Under 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

*/s/ Charles E. Fowler, Jr.*
Charles E. Fowler, Jr.

**CERTIFICATE OF SERVICE**

I certify that on October 13, 2025, I electronically filed this document with the Clerk of the Court for the United States Court of Appeals for the Federal Circuit through the Court's CM/ECF system, which served this document on all counsel of record.

*/s/ Charles E. Fowler, Jr.*
Charles E. Fowler, Jr.

**CERTIFICATE OF COMPLIANCE**

The motion complies with the type-volume limitation of Fed. Cir. R 27(d)(2)(A) because it contains 825 words. This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it was prepared in a proportionally spaced typeface using Microsoft Word in Equity 14-point font.

*/s/ Charles E. Fowler, Jr.*
Charles E. Fowler, Jr.