Nos. 2026-1033, -1035

# IN THE UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

PARKERVISION, INC.,
Plaintiff-Appellant,

v.

QUALCOMM INCORPORATED, QUALCOMM ATHEROS, INC.,
Defendants-Appellees.

Appeals from the United States District Court for the Middle District of Florida, No. 6:14-cv-687-PGB-LHP

## PARKERVISION, INC.'S OPPOSITION TO QUALCOMM INCORPORATED AND QUALCOMM ATHEROS, INC.'S MOTION TO DISMISS FOR LACK OF JURISDICTION

Kevin Burgess
MCKOOL SMITH, P.C.
104 East Houston Street,
Suite 300
Marshall, Texas 75670

Charles E. Fowler, Jr.
Joshua W. Budwin
MCKOOL SMITH, P.C.
303 Colorado Street, Suite 2100
Austin, Texas 78701
(512) 692-8722
cfowler@mckoolsmith.com

Counsel for Plaintiff-Appellant ParkerVision, Inc.

## CERTIFICATE OF INTEREST

I certify that the following information is accurate and complete to the best of my knowledge:

**1.    The full name of every party or *amicus* represented by me is:**

ParkerVision, Inc.

**2.    The names of the real parties in interest represented by me are:**

Not applicable.

**3.    All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or *amici curiae* represented by me are:**

None.

**4.    The names of all law firms and the partners or associates that appeared for the party or *amici curiae* now represented by me in the trial court or agency or are expected to appear in this court (and who have not or will not enter an appearance in this case) are:**

| | |
|---|---|
| **McKool Smith, P.C. cont.** | Richard Kamprath, George T. Fishback, Kevin P. Hess, Matthew Cameron, Raymond Mitchell Verboncoeur, Kevin Burgess, John Campbell |
| **Formerly with McKool Smith, P.C.** | Douglas Cawley, Christina A. Ondrick, R. Darryl Burke, Peter M. Hillegas, Jennifer A. Albert, Mario A. Apreotsi, Christine Woodin, Kathy H. Li, Puneet Kohli, Michael Flanigan, Kyle Ryman |
| **Allen, Dyer, Doppelt + Gilchrest, P.A.** | Ava K. Doppelt, Brian R. Gilchrist, Ryan T. Santurri, |
| **Kasowitz Benson Torres, LLP** | Maria H. Ruiz, Jacob Abrams, Albert S. Mishaan |
| **Gunster Yoakley & Stewart, P.A.** | George S. LeMieux, Frank A. Florio |
| **Freeh Sporkin & Sullivan, LLP (withdrew)** | Louis J. Freeh |

ii

| **Wittliff Cutter, PLLC** (withdrew) | Leah B. Buratti |
|---|---|
| **Smith Hulsey & Busey** (withdrew) | Stephen D. Busey, John R. Thomas, James A. Bolling (no longer with the firm) |

**5. The title and number of any case known to me to be pending in this or any other court or agency that could directly affect or be directly affected by this court's decision in the pending appeal are:**

None.

**6. Organizational Victims and Bankruptcy Cases. The information required under Fed. R. App. P. 26.l(b) (organizational victims in criminal cases) and 26.l(c) (bankruptcy case debtors and trustees) is:**

Not applicable.

*/s/ Charles E. Fowler, Jr.*
Charles E. Fowler, Jr.

# TABLE OF CONTENTS

CERTIFICATE OF INTEREST ...................................................................ii

TABLE OF CONTENTS.............................................................................iv

TABLE OF AUTHORITIES.........................................................................v

INTRODUCTION .....................................................................................1

STATEMENT ...........................................................................................3

    A.   The district court read "generating" limitations into the
Receiver Claims. ...............................................................3

    B.   The Receiver and Transmitter Claims present
nonoverlapping infringement, validity, claim
construction, and damages issues......................................... 4

ARGUMENT .............................................................................................5

  I.   Qualcomm's jurisdictional challenge rests on an incorrect
statement about the procedural posture of this appeal and
would lead to an unworkable situation. ...........................................5

    A.   Qualcomm's argument is misplaced because the district
court *severed* the Transmitter Claims of the '940 Patent
into a separate action and stayed it pending this appeal. ....... 6

    B.   Qualcomm's attempt to dismiss the appeal as to the '940
Patent Receiver Claims, while the Court decides the
common claim construction issue in the '907 Patent
Receiver Claims, is practically unworkable. ........................... 8

  II.   The district court's entry of final judgment was proper................ 9

    A.   The district court properly entered final judgment on a
claim-by-claim basis under Rule 54(b). ...............................10

    B.   Qualcomm's cited authority does not render judgment
under Rule 54(b) improper. .................................................. 13

  III.   If the Court does not deny Qualcomm's Motion outright, the
Court should carry it and decide it with the merits......................16

CONCLUSION .......................................................................................... 16

CERTIFICATE OF SERVICE

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

**Cases**

*Amazon.com, Inc. v. Barnesandnoble.com, Inc.*,
239 F.3d 1343(Fed. Cir. 2001)................................................................10

*Bogosian v. Gulf Oil Corp.*,
561 F.2d 434 (3d Cir. 1977) ......................................................................7

*Curtiss-Wright Corp. v. Gen. Elec. Co.*,
446 U.S. 1 (1980) ....................................................................................10

*Donnelly Corp. v. Gentex Corp.*,
95 F.3d 1168, 1996 WL 468452 (Fed. Cir. 1996) ...........................13, 14, 15

*Finisar Corp. v. DirecTV Grp., Inc.*,
523 F.3d 1323 (Fed. Cir. 2008) ...............................................................10

*Houston Industries Inc. v. United States*,
78 F.3d 564 (Fed. Cir. 1996) ...................................................................15

*Jones v. Hardy*,
727 F.2d 1524 (Fed. Cir. 1984).........................................................10, 15

*ParkerVision, Inc. v. Qualcomm Inc.*,
116 F.4th 1345 (Fed. Cir. 2024)................................................... 1, 4, 5, 12

*ParkerVision, Inc. v. Qualcomm Inc.*,
621 F. App'x 1009 (Fed. Cir. 2015)..................................................... 4, 11

*SmithKline Beecham Corp. v. Apotex Corp.*,
2004 WL 634867 (E.D. Pa. Mar. 26, 2004) .........................................13, 16

*Trovan, Ltd. v. Sokymat SA, Irori*,
299 F.3d 1292 (Fed. Cir. 2002)...............................................................10

*TruePosition, Inc. v. Polaris Wireless, Inc.*,
No. CV 12-646-RGA-MPT, 2015 WL 887935 (D. Del. Mar.
3, 2015) ..................................................................................................13

*United States v. O'Neil*,
709 F.2d 361 (5th Cir. 1983)......................................................................6

*W.L. Gore & Associates, Inc. v. Garlock, Inc.*,
721 F.2d 1540 (Fed. Cir. 1983) ...................................................................... 10

*W.L. Gore & Assocs., Inc. v. Internal Med. Prosthetics Rsch. Assocs., Inc.*,
975 F.2d 858 (Fed. Cir. 1992) ........................................................................ 8

*Warner Lambert Co. v. Teva Pharms. USA, Inc.*,
Case No. CIV. A. 99-922 DRD, 2007 WL 4233015 (D.N.J.
Nov. 29, 2007) ............................................................................................... 10

**Rule**

Fed. R. Civ. P. 54(b) ......................... 2, 3, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17

## INTRODUCTION

The Court has appellate jurisdiction over this case. This appeal involves overlapping claim-construction issues for two patents: the '907 Patent and '940 Patent. The '907 Patent contains only "Receiver Claims," whereas the '940 Patent includes both "Receiver Claims" and "Transmitter Claims."[1] In this appeal, ParkerVision contends that the district court erred by reading a "generating limitation" into the Receiver Claims in both patents. Based on the district court's erroneous claim construction, ParkerVision stipulated to non-infringement of the Receiver Claims in both patents. This is the only issue presented in this appeal.

There is no dispute that the Court has appellate jurisdiction over ParkerVision's appeal of the final judgment of noninfringement for the Receiver Claims in the '907 Patent based on the district court's erroneous claim construction. Qualcomm *expressly limits* its jurisdictional challenge to the common claim-construction dispute for the '940 Patent only: "[T]his Motion addresses *only* the jurisdictional issues arising from the Court's entry of partial final judgment with respect to a subset of the '940 patent's asserted claims." Mot. at 2 n.1 (emphasis added). Even though the appeal for both the '907 and '940 Patents presents the same basic issue (did the district court err by reading a

---

[1] The "'940 Receiver Claims" and "'907 Receiver Claims" (collectively the "Receiver Claims") are U.S. Patent No. 6,091,940 claims 1 and 10 and U.S. Patent No. 7,218,907 claims 24 and 331. The "'940 Transmitter Claims" (or "Transmitter Claims") are U.S. Patent No. 6,091,940 claims 25, 26, 368, and 369. *See also ParkerVision, Inc. v. Qualcomm Inc.*, 116 F.4th 1345, 1351 & n.1 (Fed. Cir. 2024) (the Court referring to these claims as "receiver claims" and "transmitter claims" in the prior appeal).

"generating limitation" into the Receiver Claims), Qualcomm asserts that the Court lacks the ability to decide this issue for the '940 Patent while retaining the ability to decide it for the '907 Patent. Qualcomm is wrong. The Court has jurisdiction over ParkerVision's appeal on the '940 Patent.[2]

*First*, Qualcomm's argument to dismiss this appeal for lack of a final judgment is legally erroneous and practically unworkable. It is legally erroneous because Qualcomm overlooks that the district court *severed* and stayed the '940 Patent Transmitter Claims, creating two separate cases—the Receiver Claims case (this appeal) and the Transmitter Claims case (stayed pending this appeal).

*Second,* Qualcomm's desired relief is practically unworkable because it undermines judicial efficiency. The claim-construction issues governing the '940 Patent Receiver Claims and the '907 Patent Receiver Claims are similar and arise from the same district court order. It makes no sense to resolve the claim-construction issues for the '907 Patent Receiver Claims now and then resolve the similar issues for the '940 Patent Receiver Claims later, presumably after a future trial including both '907 Patent Receiver Claims *and* '940 Patent Transmitter Claims (plus other transmitter claims currently stayed in the district court). Wasteful serial trials like these are exactly what the district court sought to avoid by granting Rule 54(b) relief and severing (and staying) the

---

[2] Qualcomm identifies no ground for dismissing ParkerVision's appeal on the '907 Patent, and Qualcomm waived any such ground by omitting it from its motion. So ParkerVision addresses only the Court's appellate jurisdiction over the '940 Receiver Claims.

Transmitter Claims. Nothing in Rule 54(b) or this Court's precedent demands the fragmented and duplicative process Qualcomm seeks.[3]

*Third*, the district court did not err in finding the '940 Patent Transmitter Claims to be separable from the Receiver Claims or by entering final judgment on the Receiver Claims under Rule 54(b). The district court's entry of final judgment was proper. Qualcomm's cited authority is insufficient to prove otherwise.

The Court should deny Qualcomm's motion outright. Alternatively, the Court should carry the motion with the appeal and address any jurisdictional issues alongside the merits given the expedited schedule already in place.

## STATEMENT

### A. The district court read "generating" limitations into the Receiver Claims.

On May 29, 2025, after the remand of the prior appeal, the district court issued an order construing two key terms in the Receiver Claims: "whereby the energy provided to the load forms a down-converted signal" and "a storage device storing energy from said UFT module." *See* Mot. Ex. C. (Dist. Ct. ECF No. 804). The court adopted constructions requiring that the energy provided to the load "generates" a down-converted signal and that the storage device "use[s] that energy to generate a down-converted signal." *Id.* at 17, 22. These constructions (referred to as the "generating limitation") preclude

---

[3] The Court also granted the unopposed motion to expedite this appeal. Pursuing the fragmented approach Qualcomm advocates for is inconsistent with timely resolving this appeal.

infringement of the Receiver Claims for the same reason that noninfringement was found at JMOL and on appeal in *ParkerVision I. See ParkerVision, Inc. v. Qualcomm Inc.* ("*ParkerVision I*"), 621 F. App'x 1009 (Fed. Cir. 2015); Ex. 1 (Dist. Ct. ECF 809-1).[4]

### B.  The Receiver and Transmitter Claims present nonoverlapping infringement, validity, claim construction, and damages issues.

The claims of the '940 Patent fall into two distinct groups: Receiver Claims and Transmitter Claims. In contrast, the '907 Patent has only Receiver Claims. *See supra* n.1. Each group of claims addresses different aspects of ParkerVision's technology, involves different accused products and infringement theories, and raises different questions of validity, claim construction, and damages. From the outset of this litigation, the parties and the district court have treated these groups as separate—a fact acknowledged by the Court in the prior appeal. *See ParkerVision*, 116 F.4th at 1351 & n.1, 1352–54.

For example, the Receiver Claims and Transmitter Claims were addressed in separate claim-construction disputes, distinct expert analyses, and independent damages models. *See, e.g.*, Mot. Ex. I (Dist. Ct. ECF No. 818), at 5; Mot. Ex. J (Dist. Ct. ECF No. 820), at 4. Even Qualcomm's own litigation positions recognized the separation. For instance, before the prior appeal, Qualcomm argued collateral estoppel only as to the Receiver Claims—never

---

[4] Following the district court's 2025 claim-construction order, ParkerVision and Qualcomm stipulated that, under the district court's constructions, the accused Qualcomm products do not infringe the asserted Receiver Claims. *See* Ex. 1 (Dist. Ct. ECF 809-1), at 2.

the Transmitter Claims—and the district court's judgment mirrored that framing, entering judgment on the Receiver Claims and Transmitter Claims on completely different grounds.

And this Court too has already recognized this division. In this case's prior appeal, the Court treated the Receiver Claims and Transmitter Claims as distinct sets of claims throughout the opinion and addressed specific issues as to each. *See, e.g.*, *ParkerVision*, 116 F.4th at 1355–60, 62–64. Thus, both the parties and the courts have consistently treated the Receiver and Transmitter Claims as distinct for every substantive purpose.

## ARGUMENT

### I.    Qualcomm's jurisdictional challenge rests on an incorrect statement about the procedural posture of this appeal and would lead to an unworkable situation.

Qualcomm's challenge rests on a fundamental misunderstanding of both the district court's order and the structure of this appeal.

*First*, Qualcomm overlooks that the district court *severed* and stayed the '940 Patent's Transmitter Claims. By doing so, the district court created two separate actions, leaving the Receiver Claims in both the '907 and '940 Patents ripe for final adjudication. Given that severance, there can be no jurisdictional defect—this appeal properly concerns a distinct, fully resolved action.

*Second*, Qualcomm's attempt to dismiss the appeal of the '940 Patent Receiver Claims while this Court simultaneously considers the similar claim-construction issues for the '907 Patent Receiver Claims (for which Qualcomm asserts no ground for dismissal) is illogical. The claim-construction questions

5

for both patents are substantially similar and already subject to expedited briefing in this appeal. Addressing the common claim-construction issues in the '907 and '940 Patents' Receiver Claims together is the only approach that promotes judicial efficiency and avoids inconsistent results. By the same token, delaying appeal of the '940 Patent Receiver Claim construction until after a trial on all other issues (risking yet another trial years later if this Court reverses the construction) is exactly the result the district court sought to avoid by entering an appealable judgment after the latest claim-construction order.

### A.    Qualcomm's argument is misplaced because the district court *severed* the Transmitter Claims of the '940 Patent into a separate action and stayed it pending this appeal.

While Qualcomm is wrong that ParkerVision's appeal is improper under Rule 54(b) (as described below), the Court need not reach that issue because the district court *also severed* all issues in the district court case that are not appealed here. That severance means that ParkerVision appeals a final judgment adjudicating all claims and defenses in a distinct action.

Severance creates a new and independent action, wholly distinct from the remaining claims in the original action. "[W]here a single claim is severed out of a suit, it proceeds as a discrete, independent action, and a court may render a final, appealable judgment in either one of the resulting two actions notwithstanding the continued existence of unresolved claims in the other." *United States v. O'Neil*, 709 F.2d 361, 368 (5th Cir. 1983). "The presence of unresolved claims in the other action does not of itself implicate Fed. R. Civ. P. 54(b), because that Rule applies only where the unresolved claims are in the

6

same action or suit." *Id.*; *see also Bogosian v. Gulf Oil Corp.*, 561 F.2d 434, 441 (3d Cir. 1977) (for purposes of Rule 54(b) "each civil action is to be viewed as a separate unit").

The district court here severed the '940 Patent Transmitter Claims into a separate action which it then stayed, ensuring that this appeal proceeds as a standalone action solely as to the Receiver Claims of the '907 and '940 Patents. *See* Mot. Ex. J (Dist. Ct. ECF No. 820), at 5–6 ("All other claims are **SEVERED** and **STAYED** pending appeal."). By virtue of that severance, there are now two distinct actions: (1) the Receiver Claim case (the present appeal) and (2) the Transmitter Claim case (stayed at the district court).

Qualcomm concedes that the district court severed the claims subject to ParkerVision's appeal. *See* Mot. at 7 ("[T]he district court explicitly severed claims 24 and 331 of '940 patent from the other asserted '940 patent claims at issue in Count I …."). Qualcomm has not challenged that severance. But Qualcomm ignores that the severance led to a final, appealable judgment in the severed Receiver Claim case even without Rule 54(b). Qualcomm's motion thus fundamentally misunderstands the procedural posture of this appeal and fails to acknowledge that the Transmitter Claims are part of a separate proceeding. This alone is reason enough to deny Qualcomm's motion.

**B. Qualcomm's attempt to dismiss the appeal as to the '940 Patent Receiver Claims, while the Court decides the common claim construction issue in the '907 Patent Receiver Claims, is practically unworkable.**

Granting Qualcomm's Motion—in other words, dismissing the appeal as to the '940 Patent Receiver Claims while the Court addresses the common claim-construction issue for the '907 Patent Receiver Claims—is illogical and only creates more work and further delay for this Court, the district court, and the parties. *See* Mot. at 2 n.1 ("[T]his Motion addresses only the jurisdictional issues arising from the Court's entry of partial final judgment with respect to a subset of the '940 Patent's asserted claims."). The claim-construction issues for the '940 Patent Receiver Claims and the '907 Patents Receiver Claims overlap. Thus, the Court would have to decide whether the district court was correct to read a "generating limitation" into the '907 Patent Receiver Claims now while dismissing the same issue for the '940 Patent Receiver Claims, only to revisit the same issue again years later after a separate trial on all Receiver and Transmitter Claims *except* the '940 Patent Receiver Claims. And, if the Court were to dismiss the appeal as to the '940 Patent Receiver Claims now, only to reverse the district court's claim construction later, the reversal would lead to yet another trial in this case as to the '940 Patent Receiver Claims.

This fragmented approach would undermine judicial economy, increase the risk of inconsistent results, undermine the expedited nature of this appeal, and perpetuate the very inefficiency that Rule 54(b) and the district court's severance and stay as to the Transmitter Claims were designed to prevent. *See W.L. Gore & Assocs., Inc. v. Internal Med. Prosthetics Rsch. Assocs., Inc.*, 975 F.2d

858, 861–62 (Fed. Cir. 1992) ("Appellate courts have historically disfavored piecemeal litigation and permitted appeals from complete and final judgments only."). Nothing in Rule 54(b) or the Court's precedent supports such an outcome. The Court should reject Qualcomm's attempt to force the parties and the Court to relitigate similar claim-construction disputes twice—once now for the '907 Patent Receiver Claims and again years later for the '940 Patent Receiver Claims (after a trial that could easily have encompassed all asserted claims and resolved the parties' entire dispute).

The district court severed and stayed the Transmitter Claims into a separate action, and certified this appeal under Rule 54(b), to preserve judicial resources and timely resolve this dispute. Consistent with that decision, this Court should deny Qualcomm's motion.

## II.    The district court's entry of final judgment was proper.

Even if the district court's severance of the '940 Patent Transmitter Claims into a separate action does not itself resolve any jurisdictional issues, the district court properly entered judgment in this case under Rule 54(b). The court correctly found that "the Transmitter Claims are separate from the Receiver Claims, such that judgment pursuant to Rule 54(b) is possible." Mot. Ex. J (Dist. Ct. ECF No. 820), at 4. Qualcomm argues that the district court erred, relying on the proposition that different claims under the same patent can *never* be separable for the purposes of Rule 54(b). The district court did not err because severance of the Transmitter and Receiver Claims into separate actions, stay of the Transmitter Claims case, and entry of final judgment

9

under Rule 54(b) as to the Receiver Claims in both the '907 and '940 Patents was proper, and Qualcomm's cases do not compel a different conclusion.

### A. The district court properly entered final judgment on a claim-by-claim basis under Rule 54(b).

Rule 54(b) permits judgment when a distinct and cognizable claim for relief has been finally adjudicated and where there is no just reason for delay. *See, e.g.*, *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7–8 (1980). And it is fundamental patent law that "each [patent] claim must be considered as defining a separate invention." *Jones v. Hardy*, 727 F.2d 1524, 1528 (Fed. Cir. 1984). That principle is a cornerstone of how courts approach patent adjudication. Every major patent issue—infringement,[5] validity,[6] enablement and written description,[7] and inventorship[8]—is decided on a patent-claim-by-patent-claim basis. That structure confirms that there is nothing unusual or improper about entering final judgment as to certain patent claims while other patent claims

---

[5] *See Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1351(Fed. Cir. 2001) ("Of course, whether performed at the preliminary injunction stage or at some later stage in the course of a particular case, infringement and validity analyses must be performed on a claim-by-claim basis."); *W.L. Gore & Associates, Inc. v. Garlock, Inc.*, 721 F.2d 1540, 1559 (Fed. Cir. 1983) ("[I]nfringement must be decided with respect to each asserted claim as a separate entity.").

[6] *See Finisar Corp. v. DirecTV Grp., Inc.*, 523 F.3d 1323, 1334 (Fed. Cir. 2008) ("Although § 102 refers to 'the invention' generally, the anticipation inquiry proceeds on a claim-by-claim basis.").

[7] *See Warner Lambert Co. v. Teva Pharms. USA, Inc.*, Case No. CIV. A. 99-922 DRD, 2007 WL 4233015, at *2 (D.N.J. Nov. 29, 2007) ("In analyzing enablement, each asserted claim must be analyzed independently.").

[8] *See Trovan, Ltd. v. Sokymat SA, Irori*, 299 F.3d 1292, 1302 (Fed. Cir. 2002) ("[I]nventorship is determined on a claim-by-claim basis.").

are stayed. Rule 54(b) is designed for this situation and fits patent law's patent-claim-by-patent-claim framework. To hold otherwise—that no final judgment could ever be entered until every claim of a patent was fully resolved—would make Rule 54(b) essentially unworkable in patent cases. Multi-claim patents are the norm, and both courts and the Patent Office routinely uphold some claims while rejecting others.

Final judgment under Rule 54(b) was proper here because the parties, the district court, and this Court have all recognized that the Receiver Claims and Transmitter Claims of the '940 Patent constitute distinct claims for relief, and the Receiver Claims were finally adjudicated.[9]

The parties' entire litigation history shows their understanding that the Receiver and Transmitter Claims are independent and distinct claims for relief—including separate claim construction disputes, separate expert analyses for infringement and validity, and distinct damages models. *See, e.g.*, Mot. Ex. I (Dist. Ct. ECF No. 818), at 5; Mot. Ex. J (Dist. Ct. ECF No. 820), at 4; *see also supra* Section II.B. Earlier in the case, Qualcomm argued (and the district court held) that the Receiver Claims were sufficiently similar to the claims in *ParkerVision I* to warrant application of collateral estoppel. *See, e.g.*,

---

[9] Qualcomm's motion appears to contest the entry of judgment under Rule 54(b) on the grounds that there is not one distinct claim that was finally decided. In other words, Qualcomm argues that the Receiver and Transmitter Claims of the '940 Patent cannot be distinct claims. *See* Mot. at 9–13. ParkerVision accordingly focuses only on this second element of Rule 54(b)—that at least one claim is finally decided. *See id.* at 6 (stating the three elements of Rule 54(b)).

11

*ParkerVision*, 116 F.4th at 1355–60. This Court vacated that holding, *see id.*, but Qualcomm never contended that collateral estoppel should apply to the Transmitter Claims—because it understands the '940 Patent Transmitter Claims are distinct from the '940 Patent Receiver Claims.

The district court similarly recognized and correctly held that the Receiver and Transmitter Claims of the '940 Patent constitute distinct claims for relief under Rule 54(b). *See* Mot. Ex. J (Dist. Ct. ECF 820), at 3–5. That the district court severed the Receiver and Transmitter Claims into separate actions shows that it determined that the two sets of claims were so distinct that creating two independent proceedings was justified.[10] Because nothing remained for the district court to do in the Receiver Claims case (after the parties' stipulated to noninfringement based on the district court's claim construction), it was both ripe for final judgment and appropriate for certification under Rule 54(b).

Finally, the Court itself recognized the difference between the Receiver Claims and the Transmitter Claims in the prior appeal. When the Court previously vacated the district court's entry of summary judgment, it did so based on entirely different issues for the Receiver Claims (collateral estoppel) and Transmitter Claims (exclusion of experts) respectively. *See ParkerVision*, 116 F.4th at 1355–60 & n.2, 1363–64. By tracking the distinction between the

---

[10] Contrary to Qualcomm's assertion, the district court did not enter "partial final judgment." *See* Mot. at 11. It entered final judgment on a fully resolved, *severed* action. *See supra* Section III.A.

Receiver Claims and Transmitter Claims—and adjudicating the different issues for each—the Court implicitly acknowledged that the '940 Patent Transmitter Claims and the Receiver Claims present separate and distinct issues. *See id.*

Nor does Qualcomm make *any* argument that the Receiver Claims and Transmitter Claims in the '940 Patent present any common issues.

### B.    Qualcomm's cited authority does not render judgment under Rule 54(b) improper.

Each of the cases Qualcomm cites—including *Donnelly*, *Houston*, *TruePosition*,[11] and *SmithKline*—arose in contexts where the asserted claims were legally or factually inseparable, or where the court viewed the right to relief as a single, indivisible cause of action. Mot. at 8–12. Far from barring Rule 54(b) judgment, these precedents underscore why such relief is proper here.

Throughout its motion, Qualcomm invokes the nearly 30-year old, unpublished case, *Donnelly Corp. v. Gentex Corp.*, 95 F.3d 1168, 1996 WL 468452, at *3 (Fed. Cir. 1996), for the broad proposition that "it is difficult to imagine a case in which subject matter is sufficiently related to be covered by a single patent, and yet sufficiently distinct as to warrant the grant of a motion for partial final judgment." But that statement must be understood in the context of *Donnelly* itself. There, the Court emphasized that the patent claims at issue

---

[11] *TruePosition,* is a nonbinding district court decision that, although purporting to follow Federal Circuit precedent, largely relies on Third Circuit law. *See, e.g.*, *TruePosition, Inc. v. Polaris Wireless, Inc.*, No. CV 12-646-RGA-MPT, 2015 WL 887935, at *3 n.46–47 (D. Del. Mar. 3, 2015), *report and recommendation adopted*, No. CV 12-646-RGA, 2015 WL 1738381 (D. Del. Apr. 7, 2015).

were not "sufficiently distinct" because all of them rose and fell together on a single, overlapping factual predicate—the on-sale bar under § 102(b). *Id.* Every claim of the '210 patent, whether originally asserted or newly added, was invalidated for the same reason: the same commercial activity and prosecution history gave rise to a uniform § 102(b) on-sale bar defense that applied to all the patent claims at-issue. *Id.* Thus it did not make sense to separate some patent claims from others—all were equally impacted by the same on-sale bar issue.

As the Court explained in *Donnelly*, "the validity of all the '210 claims in the face of the asserted on-sale bar defense [was] factually intertwined with the history of the '210 patent," and that overlap extended to related patents as well. *Id.* In short, because the on-sale bar applied equally to all the patent claims at issue, *Donnelly* presented the scenario where an appeal as to some patent claims, but not others, would have required this Court to revisit the same factual record in multiple stages (on-sale bar as to some claims first, followed by the same on-sale bar analysis as to other claims later), making Rule 54(b) judgment inappropriate.

Here, by contrast, the Receiver Claims and the Transmitter Claims are uniquely distinct from each other, and do not present the same overlap present in *Donnelly*—that is, no single issue (whether related to claim construction, infringement, validity, or damages) runs equally through the Receiver Claims as well as the Transmitter Claims. *See supra* Section II.B. The Transmitter Claims will *never* present the discrete claim-construction issue now before the

14

Court on the Receiver Claims, nor any related or overlapping issues. This is reflected by the separate and different claim language, and the fact that these two different sets of claims have consistently been treated as distinct by the parties, the district court, and this Court.

*Donnelly* does not foreclose Rule 54(b) relief here; it underscores why such relief is appropriate. *Donnelly* illustrates that when a set of patent claims are so entangled by a single factual issue (on-sale bar applying equally to all claims), separate appeals would be duplicative and require the appeals court to address the same issue (on-sale bar), based on the same facts, in multiple appeals. Here, as the prior procedural history shows, the Receiver and Transmitter Claims are fully severable and "sufficiently distinct as to warrant the grant of a motion for partial final judgment." *Donnelly*, 1996 WL 468452, at *3. *Donnelly* therefore supports the entry of a Rule 54(b) judgment here.

Qualcomm's other authority is inapposite. For example, *Houston Industries Inc. v. United States* was a tax case where this Court held that Rule 54(b) certification was improper because the ruling decided only part of a taxpayer's liability for a single tax year. 78 F.3d 564, 568 (Fed. Cir. 1996). The court reasoned that annual tax liability is a "single, unified cause of action" that cannot be split into separate claims. *Id.* Apart from the fact that *Houston* is not related to patent law, the Transmitter and Receiver Claims are not a "single, unified cause of action" like the tax issues there. *Id.* The Transmitter and Receiver Claims are their own "separate inventions," have distinct damages, and involve different infringement and invalidity theories. *Jones*, 727 F.2d at 1528.

Finally, in *SmithKline Beecham Corp. v. Apotex Corp.*, 2004 WL 634867 (E.D. Pa. Mar. 26, 2004), the district court likewise denied Rule 54(b) relief because it concluded "claims cannot be separate unless separate recovery is possible on each." *Id.* at *4. That reasoning only reinforces the distinction here: the Receiver and Transmitter Claims do allow for separate recoveries—each presents different infringement theories and different damages models, and the recoveries sought are not duplicative—so Rule 54(b) certification is proper even if some of the claims are contained in the same patent.

### III.  If the Court does not deny Qualcomm's Motion outright, the Court should carry it and decide it with the merits.

If the Court does not deny Qualcomm's Motion on the papers, ParkerVision respectfully submits that the proper course would be to carry the Motion with the case and address it alongside the merits. The Court has already expedited this appeal's briefing schedule, and the jurisdictional issues Qualcomm raises are intertwined with the procedural history and substantive questions already before the Court. Resolving jurisdiction together with the merits will promote efficiency, avoid duplicative submissions, and ensure that the Court has the complete record when evaluating both issues.

### CONCLUSION

The Court should deny Qualcomm's Motion because the district court severed the Receiver Claims at issue in this appeal into a standalone action and entered final judgment in this action (while staying the separate Transmitter Claims action). Qualcomm's requested relief would illogically require this

16

Court to hear common claim-construction issues now (do the Receiver Claims in the '907 Patent include a "generating limitation"?) and again years later in yet another appeal (do the Receiver claims of the '940 Patent include a "generating limitation"?).

The district court's judgment, moreover, was proper under Rule 54(b). Patent law's claim-by-claim structure makes certification appropriate, and this case—where the Receiver and Transmitter Claims are legally and factually distinct, and have been treated as distinct by the parties, the district court, and this Court—is a textbook example. Judicial economy and equity strongly favor immediate appellate review in this expedited appeal to avoid duplicative trials and wasted resources.

/ / /

/ / /

For these reasons, ParkerVision respectfully requests that the Court deny Qualcomm's motion to dismiss for lack of jurisdiction and allow the appeal to proceed on the expedited schedule. Alternatively, ParkerVision requests that the Court carry Qualcomm's Motion with the merits of this appeal on the same expedited basis

November 3, 2025                              Respectfully submitted,

Kevin Burgess                                */s/ Charles E. Fowler, Jr.*
MCKOOL SMITH, P.C.                           Charles E. Fowler, Jr.
104 East Houston Street,                     Joshua W. Budwin
Suite 300                                    MCKOOL SMITH, P.C.
Marshall, Texas 75670                        303 Colorado Street, Suite 2100
                                             Austin, Texas 78701
                                             (512) 692-8722
                                             cfowler@mckoolsmith.com

Counsel for Plaintiff-Appellant ParkerVision, Inc.

## CERTIFICATE OF SERVICE

I certify that on November 3, 2025, I electronically filed this document with the Clerk of the Court for the United States Court of Appeals for the Federal Circuit through the Court's CM/ECF system, which served this document on all counsel of record.

*/s/ Charles E. Fowler, Jr.*
Charles E. Fowler, Jr.

## CERTIFICATE OF COMPLIANCE

The opposition complies with the type-volume limitation of Fed. Cir. R 27(d)(2)(A) because it contains 4,416 words. This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it was prepared in a proportionally spaced typeface using Microsoft Word in Equity 14-point font.

*/s/ Charles E. Fowler, Jr.*
Charles E. Fowler, Jr.